UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES TRAHAN** | **CASE NO. 2:22-CV-03604** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Report and Recommendation (Doc. 26), wherein the Magistrate Judge recommended that the Motion for Leave to File Intervention Complaint filed by McClenny Moseley & Associates law firm ("MMA") be denied. MMA, through counsel, objects to the Magistrate Judge's recommendation.

## INTRODUCTION

This lawsuit involves alleged damages to Plaintiff, James Trahan's property caused by Hurricanes Laura and Delta. During the relevant time period, Defendant, Allstate Vehicle & Property Insurance Company insured Trahan's property.

On August 24, 2022, MMA, filed this lawsuit in the Western District of Louisiana along with approximately 1600 other lawsuits filed on behalf of clients whose property was allegedly damaged by the hurricanes. The vast number of lawsuits filed with the Court immediately prior to the prescriptive deadline caused the undersigned to inquire as to the law firm's representation. That inquiry raised multiple issues including numerous duplicate filings, cases filed against insurers who had not issued a policy to plaintiff, and cases filed in which the plaintiffs had already settled with their insurer. Further inquiry by the

undersigned discovered that MMA rarely, if ever, had any communication with their clients; additionally, there were numerous complaints by clients that their efforts to communicate with counsel for MMA was repeatedly unsuccessful. Being completely at awe as to how the MMA firm was mishandling this vast number of cases, the undersigned also discovered MMA's method and/or means of obtaining such a large pool of Hurricane Laura and Delta clients. Through multiple hearings by the Court,[1] and Magistrate Judge North in the Eastern District of Louisiana, it has been revealed that MMA obtained its clients from a third-party marketing firm, Tort Network LLC, d/b/a Velawcity.[2]

On March 29, 2023, following the suspensions of MMA, Trahan terminated MMA and hired new counsel of record. Thereafter, MMA filed a Motion to Intervene to enforce its lien rights for attorney's fees and expenses.[3] Trahan, through counsel, opposes the Motion to Intervene. Trahan argues that the alleged contingency fee agreement between Trahan and MMA is null and void and MMA did no meaningful work.

The day after the Motion to Intervene was filed, counsel for MMA filed an unopposed Motion to Withdraw Counsel.[4] The Magistrate Judge set a hearing on the Motion to Intervene and Motion to Withdraw Counsel.[5] On May 22, 2023, the Magistrate Judge, with reasons, issued an electronic order[6] that disallowed counsel for MMA to

---

[1] Also including numerous hearings by Magistrate Judge Kay.
[2] See Marketing Services Agreement, Doc. 24, p. 14; See *Hatch v. Allstate Vehicle & Property Ins. Co.*, 1:22-cv-3228-DDD-KK, doc. 8, pp. 101-02 (W.D. La. 12/19/22) (12/13/22 Motion Hearing transcript); *Franatovich v. Allied Trust Ins. Co.*, 2:22-cv-2552-LMA-MBN, doc. 76, Order and Reasons (E.D. La. 3/16/23)).
[3] Doc. 13.
[4] Doc. 16.
[5] Electronic Order dated 4/24/2023.
[6] Doc. 20.

withdraw, but limited counsel's role to acting as agent for service or process.[7] The Magistrate Judge held another hearing on June 20, 2023. At the hearing, MMA presented no argument, and after hearing Plaintiff's argument, the Magistrate Judge took the matter under advisement and ordered Trahan to submit a Declaration.[8] In his Declaration, Trahan declares the following:

- Trahan authorized the contract (the contingency fee contract with MMA) by electronic signature;

- Trahan did not receive a copy of the executed contract;

- Trahan recalls that he received a letter in the mail from MMA offering legal services;

- Trahan did not speak to an attorney prior to authorizing and/or executing the contract with MMA;

- Trahan never spoke to an attorney prior to the lawsuit being filed;

- Trahan never spoke to an attorney about the appraisal process.

The Magistrate Judge also ordered MMA to provide the SmartAdvocate print-out information and proof that the estimator was paid.[9] After the Report and Recommendation of the Magistrate Judge was issued, substitute counsel was enrolled for MMA.[10]

## LAW AND ANALYSIS

MMA asserts that this is an intervention of right under Fed. R. Civ. P. 24(a), and they alternatively seek permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). The

---

[7] *Id.*
[8] Doc. 22.
[9] *Id.*
[10] Docs. 30 and 32.

Magistrate Judge has recommended that MMA's Motion to Intervene be denied. MMA opposes the Magistrate Judge's Recommendation for the following reasons: (1) the Magistrate Court exceeded its authority and the scope of resolving the Motion, (2) the Magistrate Court failed to apply the correct legal standards and improvidently recommended adjudication of the proposed intervention complaint on the merits and rendered advisory opinions.

As to the first complaint by MMA that the Magistrate Court exceeded its authority and scope of resolving the Motion, as discussed in *Jones-Bell v Imperial Fire & Casualty Ins. Co.*, Civ. Action 2:22-3855, following Fifth Circuit jurisprudence, this Court concluded that a Motion to Intervene is a non-dispositive motion. *See, e.g.*, *S.E.C. v. Kornman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006); *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, at *5 (E.D. La. Jan. 18, 2012); *DOH Oil Co. v. QEP Res., Inc.*, 7631502, at *3 n. 2 (W.D. Tex. Mar. 19, 2020).

As Judge Jackson noted recently, however, there is a circuit split on the issue and the Fifth Circuit has not taken a position. *Fisher v. Waste Mgmt. of La.*, LLC, 2019 WL 2713053, at *1 (M.D. La. Jun. 28, 2019). Judge Jackson instead adopted the position of the Second and Eleventh Circuits, holding that proposed intervenors are "parties" and that a motion to intervene is thus outside of a magistrate judge's authority under Federal Rule of Civil Procedure 72(a). *Id.*; see *N.Y. Chinese TV Progs., Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993); *Day v. Persels & Assoc., LC*, 729 F.3d 1309, 1322 (11th Cir. 2013). The undersigned agrees with the logic of this position and likewise adopts it, reading "parties" in this situation to include those applying to become parties.

Contrary to MMA's assertions, the fact that a magistrate judge heard and issued an opinion on a dispositive motion does not render that opinion a nullity. A magistrate judge "must promptly conduct the required proceedings when assigned, without the parties' consent," to hear a dispositive pretrial matter. Fed. R. Civ. P. 72(b)(1). The magistrate judge then enters a report and recommendation, which is subject to *de novo* review if challenged. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). MMA's Motion to Intervene was referred to Magistrate Judge Kay and a record was made of all evidentiary proceedings. MMA filed its objections in the form of an appeal. Accordingly, the Court will treat the order as a report and recommendation and conduct a *de novo* review of MMA's objections.

While MMA complains that the Magistrate Judge decided the Motion to Intervene on the merits, this Court agrees with the Magistrate Judge's ultimate findings and conclusions. Specifically, the Magistrate Judge concluded that MMA does not has a property interest to protect. Based on Trahan's Declaration, MMA did not perform meaningful and substantial legal work to the extent that it is entitled to a quantum merit recovery.

The Magistrate Judge concluded that MMA has no legally protectible interest in the lawsuit. This Court agrees that MMA does not have an interest relating to the property or transaction because the contingency fee contract between MMA and Trahan is unenforceable. Considering the plethora of evidence this Court and the Eastern District of Louisiana court has uncovered as to MMA's method of obtaining clients using

Velawcity,[11] a modern-day case runner, the contingency fee contract violates a rule of public order and is absolutely null. As noted by the Magistrate Judge, Louisiana has strong public policies against runner-based solicitation of clients, a practice sometimes known as "case running," see *e.g., In re Cuccia*, 752 So.2d 796 (La. 1999) and against the practice of law by non-attorneys. Louisiana law makes it "unlawful for any attorney to pay money or give any other thing of value to any person for the purpose of obtaining representation of any client." La. R.S. § 37:219(A). "No person, firm, or entity shall solicit employment for a legal practitioner." La. R.S. § 37:219(B)(1). Again, Trahan never spoke to an attorney about filing this lawsuit and/or the appraisal process.

Trahan discharged MMA for cause for the reasons stated by the Magistrate Judge after she reviewed all material submitted by MMA. The record indicates that Trahan made numerous attempts to contact counsel for MMA, without success. Additionally, the Court has considered MMA's conduct and lack of regard for the rules of ethics and professional conduct, as well as MMA's failure to advance Trahan's case or provide productive value to Trahan that would establish that MMA is entitled to any part of the contingency fee. This Court agrees with the Magistrate Judge's finding that even if the contingency fee contract was valid, under Louisiana law governing the apportionment of fees, MMA is not entitled to a fee. As such, MMA has no legally protectable interest in this lawsuit.

---

[11] See *Hatch v. Allstate Vehicle & Property Ins. Co.*, No 1:22-cv-03228-DDD-KK, Doc. 8, p. 101-02 (W.D. La. 12/19/22)(transcript of 12/13/22 Motion Hearing). An Order and Reasons issued by Magistrate Judge North of the Eastern District of Louisiana describes, among other things, the contractual relationship between MMA and Velawcity and satisfies this court that MMA had an arrangement whereby it agreed to pre-pay Velawcity a fixed rate of $3,000 or $3,500 for each prescreened and signed contingency-fee agreement Velawcity provided to MMA. *Franatovich v. Allied Trust Ins. Co.*, No. 2:22-cv-02552-LMA-MBN, Doc. 76, Order and Reasons (E.D. La. 3/16/23)).

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that after a *de novo* review of the record, and considering the objections filed in the record, the Court hereby ADOPTS the Report and Recommendation (Doc. 26); the Motion to Intervene (Doc. 14) filed by McClenny Moseley & Associates is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 8th day of November, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE